# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JODI FLEMING,** | **CASE NO.1:17CV1815** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | |
| **THE OHIO BELL TELEPHONE COMPANY, ET AL.,** | **OPINION AND ORDER** |
| Defendants. | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant The Ohio Bell Telephone Company's ("Defendant" or the "Company") Motion to Dismiss and for Sanctions (ECF DKT # 13). For the following reasons, the Court grants Defendant's Motion and dismisses the above-captioned case.

This case arises out of Defendant's alleged failure to accommodate and retaliation against Plaintiff Jodi Fleming ("Plaintiff"). Plaintiff asserts claims under the Americans with Disabilities Act ("ADA"), including Disability Discrimination; Failure to Accommodate; Interference, Coercion and Intimidation and Retaliation Based on Disability Discrimination.

**Background Facts**

Plaintiff alleges the following facts in her First Amended Complaint ("FAC"): Plaintiff worked for Defendant as a Service Representative. FAC ¶ 14. In March 2011, Plaintiff began experiencing shoulder and wrist pain and asked her Attendance and Safety Manager, Roxanne Yost ("Yost"), for an ergonomic keyboard tray to help with the pain, which the Company failed to provide. FAC ¶¶ 16-17, 19.

On July 21, 2011, Plaintiff was diagnosed with severe bilateral carpal tunnel syndrome, chronic right mononeuropathy and chronic C5-6 radiculopathy. FAC ¶ 20. These conditions substantially limited Plaintiff's ability to perform daily tasks and type on a keyboard (one of Plaintiff's job duties) without accommodations. FAC ¶¶ 21-25. Immediately after receiving these diagnoses, Plaintiff submitted a written request to Defendant for an ergonomic keyboard and chair. FAC ¶ 30. Defendant failed to provide these accommodations until the end of September 2011. FAC ¶¶ 31-32.

Furthermore, when the accommodations were given, Yost placed Plaintiff's desk in the corner of the office in retaliation, isolating Plaintiff and requiring Plaintiff to walk across the office to check her phone. FAC ¶¶ 33-35. Yost also instructed Plaintiff not to email the Company's Accommodation Specialist again, which Plaintiff understood to mean that she was not to request additional accommodations. FAC ¶¶ 36, 38-39.

Plaintiff's condition worsened from months of working without accommodations. FAC ¶ 40. On October 11, 2011, Plaintiff informed Yost she would be requesting further accommodations and Yost informed Plaintiff that the Company would not be accommodating Plaintiff any further. FAC ¶¶ 41, 43. As a result, Plaintiff went on short-term disability on

October 11, 2011. FAC ¶ 44.

Because of her carpal tunnel syndrome, Plaintiff had hand surgery on February 1, 2012, a second hand surgery on April 25, 2012 and a shoulder surgery on July 25, 2012. FAC ¶¶ 45-47. As part of her treatment, Plaintiff attended rehabilitation multiple times each week. FAC ¶ 48.

On November 28, 2012, Plaintiff was removed from payroll and placed on a disability leave of absence ("DLOA"). FAC ¶ 50. This caused Plaintiff's medical insurance to be cancelled. FAC ¶ 52. Furthermore, Plaintiff's DLOA had been backdated to October 19, 2012, so Plaintiff's medical bills between October 19 and November 28, 2012 were not covered by insurance. FAC ¶¶ 51, 54. Plaintiff's lack of medical coverage further exacerbated her condition because she could not afford to complete rehabilitation. FAC ¶ 55. Plaintiff alleges that it is against Company policy to move employees from short term disability to DLOA and Plaintiff should have received accident disability benefits instead of being placed on DLOA. FAC ¶¶ 56, 59. Accident disability benefits would have continued to pay Plaintiff's salary and benefits, including medical insurance, until Plaintiff fully recovered. FAC ¶ 61.

On April 1, 2013, Plaintiff submitted accommodation paperwork to the Company requesting half-days and ergonomic equipment. FAC ¶ 63. Plaintiff's supervisor, James Tench, ("Tench") informed Plaintiff that these accommodations would not be fulfilled. FAC ¶ 64. On April 5, 2013, Plaintiff completed an Equal Employment Opportunity Commission ("EEOC") intake questionnaire. FAC ¶ 65. Defendant was allegedly made aware of this action on April 5, 2013. FAC ¶ 66. Plaintiff attempted to return to work on April 10, 2013,

3

but Tench told her not to come back to work until she was no longer disabled. FAC ¶¶ 67-68.

Plaintiff filed a charge of discrimination ("Charge I") with the EEOC on July 18, 2013. FAC ¶ 69. On January 12, 2017, the EEOC issued a determination letter (the "January 12th Letter") regarding Charge I, which stated:

> Charging Party alleges she was subjected to a hostile work environment and denied a reasonable accommodation on the basis of her race, black, sex, female, age, 48, disability, and in retaliation for participating in protected activity in violation of Title VII, the ADEA, and the ADA.
>
> The investigation revealed that Charging Party was subjected to a hostile work environment and retaliated against on the basis of disability in violation of the ADA. Upon requesting and requiring leave as a reasonable accommodation based on disability, Charging Party was not provided full consideration for the most beneficial disability-related leave program. This lack of full consideration ultimately led to the Charging Party receiving the least beneficial disability-related leave.
>
> Based on the foregoing, I have determined there is reasonable cause to believe that the available evidence establishes a violation of the ADA.
> The Commission makes no findings as to the other allegations.
>
> **Charging Party may file a lawsuit on these issues against the Respondent in federal court. The lawsuit must be filed within 90 days of receipt of this determination or the right to sue based on these issues will be lost.**
>
> However, with regard to the violation finding under the ADA, note that upon finding reasonable cause that unlawful employment practices have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Conciliation is Respondent's opportunity to voluntarily remedy the unlawful employment practices found to have occurred. Ultimately, any conciliation agreement must be acceptable to the Commission. The Respondent will be contacted by a Commission representative to discuss conciliation.
>
> If Respondent fails to engage in conciliation, or if the Commission

> determines, in its sole discretion, that conciliation has failed, the
> Director will inform the parties and advise them of the court
> enforcement alternatives available to aggrevied persons and the
> Commission.

(Emphasis original). Mot. Dismiss Ex. 7. On June 9, 2017, the EEOC sent Plaintiff a "Notice of Right to Sue (Conciliation Failure)" (the "June 9th Letter") for Charge I. *See* Mot. Dismiss Ex. 8.

Plaintiff has filed four other charges with the EEOC that do not form the foundation of this case. *See* Mot. Dismiss Ex. 2-5. Plaintiff, acting *pro se*, has also filed three other lawsuits in connection with her employment with the Company.

Plaintiff's first lawsuit ("Fleming I"), filed January 25, 2016, alleged Racial Discrimination in Violation of Title VII of the Civil Rights Act ("Title VII"), Age Discrimination in Violation of the Age Discrimination in Employment Act ("ADEA"), Reprisal for Engaging in Protected Activities, Violation of the Rehabilitation Act of 1973, and Hostile and Abusive Work Environment. *See Fleming v. Tench*, No. 1:16-cv-00185 at ECF DKT # 1. Fleming I was voluntarily dismissed without prejudice at Plaintiff's request on April 25, 2016. *See id.*, at ECF DKT # 17.

Plaintiff's second lawsuit ("Fleming II") did not name the Company as a defendant. *See Fleming v. Hogan*, No. 1:16-cv-00688 at ECF DKT # 1. Instead, Fleming II named Plaintiff's labor union as a defendant. *See id.* Therefore, both parties contend that Fleming II is unrelated to the current action. Fleming II was dismissed *sua sponte* by this Court for failure to state a claim. *See id.* at ECF DKT # 5.

Plaintiff's third lawsuit ("Fleming III") named the Company as a defendant and alleged all the same claims as Fleming I with the addition of claims under the Heath Insurance

Portability and Accountability Act ("HIPAA") and the Consumer Safety Protection Act. *See Fleming v. AT&T Corp.*, No. 1:17-cv-00898 at ECF DKT # 4. This Court found that Plaintiff "has demonstrated a pattern of vexatious litigation justifying an order preventing further harassment of Defendants and abuse of the judicial process." *Id.* at 2. Accordingly, the Court dismissed Fleming III under section 1915(e) and enjoined Plaintiff from filing any new lawsuits without seeking and obtaining leave of the Court:

> Jodi Fleming is enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:
>
> > 1. She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he [*sic*] proposes to file and she must attach a copy of this Order to it.
> >
> > 2. As an exhibit to any motion seeking such leave, she must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him [*sic*] in this or any other court, (2) the claim is not frivolous, and (3) the document is not filed in bad faith.
> >
> > 3. By means of a second exhibit, she must identify and list: (a) the full caption of each and every suit which has been previously filed by her or on her behalf in any court against each and every defendant in any new suit she wishes to file, and (b) the full caption of each and every suit which she has currently pending.
> >
> > 4. As a third exhibit to the motion, she must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.
>
> The Court will deny any motion for leave to file if the proposed document is duplicative, frivolous, vexatious or harassing.

*Id.* at 2-3.

Plaintiff filed a Motion Pursuant to Court Order Seeking Leave to File (ECF DKT # 1) with the Court on August 30, 2017. Chief Judge Solomon Oliver, Jr. issued an order (ECF DKT # 3) granting Plaintiff's Motion and allowing Plaintiff to file her Complaint in the current action. Plaintiff's FAC alleges claims under the ADA, including Disability Discrimination; Failure to Accommodate; Interference, Coercion and Intimidation and Retaliation Based on Disability Discrimination.

**<u>Defendant's Motion</u>**

Defendant contends that all of Plaintiff's claims are barred by res judicata. All of Fleming's claims have been or could have been litigated in Fleming III and arise out of the same occurrences as Fleming III, namely Plaintiff's employment with the Company and the denial of her requests for accommodations. Furthermore, Plaintiff's receipt of the June 9th Letter is only tied to the narrow issue of her claim that she was denied accident disability benefits in violation of the ADA. However, Defendant contends that Plaintiff asserted this claim in Fleming III before she received the June 9th Letter, so this claim should be barred by res judicata as well.

Even if the Court does not find that Plaintiff's claims are barred by res judicata, Defendant contends that Plaintiff did not timely exhaust her administrative remedies, a condition precedent to filing an ADA claim in court. Plaintiff's claims in this case exceed the reasonable scope of Charge I because Plaintiff introduces additional allegations or contrary allegations to those listed in Charge I. Furthermore, the current case was not timely filed because it was filed later than ninety days after the date of the January 12th Letter. Defendant

contends that the January 12th Letter gave Plaintiff a right to sue on all claims (including those arising under the ADA) except those related to the "narrow issue" of Defendant's failure to provide Plaintiff "full consideration for the most beneficial disability-related leave program."

Furthermore, Defendant argues that Plaintiff fails to state a claim for Disability Discrimination because "denial of entitlement under a disability plan does not state a claim under the ADA." Plaintiff has failed to state a claim for Interference, Coercion and Intimidation because Plaintiff has not demonstrated that Defendant took action against her because of her disability. Lastly, Defendant argues that Plaintiff has not stated a claim for Retaliation because the protected activity occurred after the alleged adverse action. To the extent that Plaintiff argues that the protected activity was filling out the EEOC intake questionnaire, Defendant contends that Plaintiff has not sufficiently alleged that Defendant was aware of that activity.

Finally, Defendant contends that Plaintiff acted in bad faith and willfully disobeyed the Court's order in Fleming III by filing this lawsuit. Therefore, given Plaintiff's "vexatious litigation history and her disregard for the June 14 order," Defendant argues that the Court should award Defendant its costs for preparing its Motion to Dismiss.

**Plaintiff's Response**

Plaintiff argues that her claims are not barred by res judicata because Plaintiff did not receive a right-to-sue letter from the EEOC for the ADA portion of Charge I until June 9, 2017. Therefore, the claims alleged in Plaintiff's FAC could not have been litigated in Fleming III, which was dismissed on June 14, 2017.

Next, Plaintiff contends that her Interference and Failure to Accommodate claims are not outside the reasonable scope of Charge I. Plaintiff alleged failure to accommodate and interference in Charge I. Plaintiff mentioned accommodation four times in Charge I and alleged facts that form the basis of Plaintiff's Interference, Coercion and Intimidation claim.

Furthermore, Plaintiff contends that she has stated a claim for Disability Discrimination. While Plaintiff concedes that "a denial of entitlement under a disability plan does not state a claim under the ADA," Plaintiff argues that Defendant instructed the third-party claims administrator to deny Plaintiff's benefits. Therefore, Plaintiff's claim is not an ERISA claim as Defendants contend. Next, Plaintiff argues that she has stated a claim for Interference, Coercion and Intimidation. The Sixth Circuit has not yet interpreted the portion of the ADA governing these claims, yet Defendants contend that Plaintiff has not lived up to "this non-existent standard." Plaintiff need not plead all elements of a prima facie discrimination case, but simply convince the Court that her claim is plausible. Lastly, Plaintiff argues that she has sufficiently pleaded her Retaliation claim because the FAC alleged that "upon information and belief, Ohio Bell was notified of Fleming's EEOC charge on or about April 5, 2013."

Finally, Plaintiff argues that sanctions are inappropriate. Plaintiff's Complaint is based on the ADA discrimination portion of Charge I, for which the EEOC found probable cause. Therefore, Plaintiff reasonably believed that there was an adequate basis in law and fact to pursue these claims and did not file her Complaint in bad faith.

## LAW AND ARGUMENT

**Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**Are Plaintiff's claims barred by res judicata?**

Res judicata consists of four elements:

> (1) a prior final, valid decision on the merits by a court of
> competent jurisdiction; (2) a second action involving the same
> parties, or their privies, as the first; (3) a second action raising
> claims that were or could have been litigated in the first action; and
> (4) a second action arising out of the transaction or occurrence that
> was the subject matter of the previous action.

*U.S. ex. rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 415 (6th Cir. 2016). "[T]he party asserting the defense bears the burden of proof." *Id.*

This Court dismissed Fleming III under section 1915(e) for failure to state a claim upon which relief can be granted. "[A] dismissal grounded on a complaint's failure to state a claim upon which relief can be granted constitutes... an adjudication on the merits. As a result, res judicata bars refiling the claim." *Id.* Therefore, the Court's order dismissing Fleming III was a final decision on the merits and the first element of res judicata is satisfied.

"[A]pplication of res judicata requires the parties to the first action be identical to, or privies with, those in the second (precluded) action." *Id.* Plaintiff's Complaint in Fleming III named the Company as a defendant.[1] Therefore, this element is satisfied.

For res judicata to apply, the second action must "arise out of the transaction or occurrence that was the subject matter of the previous action." *Id.* The "same transaction or occurrence" means "a common nucleus of operative facts." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Plaintiff does not argue that this action does not arise out of the same transaction or occurrence as Fleming III. Furthermore, both the Complaint in Fleming III and the FAC rely on the same allegations that the Company failed to accommodate Plaintiff,

---

[1] Plaintiff misidentified the Company as "AT&T Corp." in Fleming I and III. However, the Ohio Bell Telephone Company accepted service of process in both cases and this Court recognized that the proper party was the Company in its opinion and order. Futhermore, Plaintiff does not argue that the parties in this action are not the same parties as those in Fleming III.

retaliated against Plaintiff for engaging in protected activity, interfered with Plaintiff's medical insurance causing Plaintiff further injury and removed Plaintiff from payroll. Therefore, the Court finds that this action arises out of the same common nucleus of operative facts as Fleming III.

Lastly, res judicata applies to bar all claims that "could have been litigated in the first action." *Sheldon*, 816 F.3d at 415. The claims need not have been litigated in the previous action for res judicata to apply; "this element concerns only the legal possibility of bringing the disputed claims in the previous action." *Id.*

Plaintiff contends that the issues raised in her FAC could not have been litigated in Fleming III. "It is well settled that a plaintiff must satisfy two prerequisites before filing an ADA action in federal court: (1) timely file a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"); and (2) receive and act upon the EEOC's statutory notice of the right to sue ." *Jones v. Natural Essentials, Inc.*, No. 5:16-cv-93, 2017 WL 1133945, at *3 (N.D.Ohio March 27, 2017). "The ADA incorporates the remedies and procedures applicable to employment discrimination under Title VII." *Jones*, 2017 WL 1133945, at *3. Therefore, the EEOC follows these procedures when investigating ADA charges:

> Where the EEOC investigates a charge and, after 180 days, either concludes that there is no "reasonable cause" to believe it is true or fails to make a finding of "reasonable cause," the EEOC must notify the aggrieved individual. *See* 42 U.S.C. § 2000e-5(f)(1) (1998). If the EEOC finds "reasonable cause" to believe an employer has violated Title VII but chooses not to bring suit on behalf of the federal government, the EEOC will issue a "notice of right to sue" on the charge to the aggrieved party. *See* 29 C.F.R. § 1601.28(b) (1998). Or, if after 180 days the EEOC fails to make a "reasonable cause" finding, the aggrieved individual may request a

12

"right to sue" letter from the EEOC.

*E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 455-56 (6th Cir. 1999).

Since Plaintiff received the June 9th Letter giving Plaintiff the right to sue on her ADA claims only a few days before the Court dismissed Fleming III, Plaintiff contends that her ADA claims could not have been litigated in Fleming III. However, this contention ignores relevant Sixth Circuit precedent. *See Heyliger v. State Univ. and Cmty. Coll. Sys.*, 126 F.3d 849 (6th Cir. 1997). In *Heyliger*, the plaintiff brought an action under the state law of Tennessee for employment discrimination and, at the same time, filed a complaint with the EEOC arising out of the same allegations. *See id.* at 851. Three years later, the Tennessee state court dismissed the plaintiff's claim. *Id.* Two months later, the plaintiff received a right-to-sue notice from the EEOC and filed a complaint in federal court. *Id.* The federal district court dismissed the case on res judicata grounds and the Sixth Circuit Court of Appeals affirmed. *Id.* The court held that because "the chancery court did not issue its judgment for three years," the plaintiff had "far more time than [the 180 days] necessary... to obtain a right-to-sue letter before a judgment of the state court issued" and amend his complaint accordingly. *Id.* at 855-56. Therefore, the claim could have been litigated in the plaintiff's prior state action and res judicata applied to bar the plaintiff's federal case. *Id.*

Here, Plaintiff filed Charge I with the EEOC on July 18, 2013. Plaintiff could have requested a right-to-sue letter from the EEOC as early as January 2014 (roughly 180 days after the filing of Charge I). However, Plaintiff failed to do so. Fleming III was dismissed on June 14, 2017, nearly three years after Plaintiff filed Charge I with the EEOC. Like the plaintiff in *Heyliger*, Plaintiff should have requested a right-to-sue letter from the EEOC and

13

asserted her ADA claims in one of her previous lawsuits. Therefore, the Court finds that Plaintiff's claims could have been litigated in a prior action.

Plaintiff further argues that requiring Plaintiff to request a right-to-sue letter from the EEOC would be unduly burdensome because Plaintiff would not be able to take advantage of the EEOC's conciliation efforts. While there is no Sixth Circuit case which directly addresses this argument, the Sixth Circuit Court of Appeals favorably cited the Seventh Circuit case *Herrmann v. Cencom Cable Assoc., Inc.*, stating that *Herrmann* "require[d] claimant, in order to avoid claim preclusion, to seek a right-to-sue letter and join Title VII claim with another, sufficiently related, pending federal action, even though to do so could pretermit EEOC administrative proceedings." *Heyliger*, 126 F.3d at 856. Therefore, the Court holds that requiring Plaintiff to request a right-to-sue letter from the EEOC in order to prevent her ADA claims from being barred by res judicata is not unduly burdensome.

Therefore, for the foregoing reasons, the Court grants Defendant's Motion and dismisses this case with prejudice.

**<u>Are monetary sanctions appropriate at this time?</u>**

This is Plaintiff's fourth attempt to assert claims against Defendant arising out of her employment with the Company. Furthermore, this Court reprimanded Plaintiff in its order dismissing Fleming III for her "pattern of vexatious litigation... harassment.... and abuse of the judicial process." Fleming III, No. 1:17-cv-00898, ECF DKT # 4 at 2. In light of this, Defendant urges the Court to impose monetary sanctions on Plaintiff.

Sanctions "empower the Court to command obedience to the judiciary and to deter and punish those who abuse the judicial process." *Red Carpet Studios Div. of Source Advantage,*

*Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006). "A court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). The assessment of attorney's fees is generally considered a "less severe sanction" and is "undoubtedly within a court's inherent power." *Chambers*, 501 U.S. at 45.

Defendant contends that Plaintiff willfully disobeyed this Court's order dismissing Fleming III and requiring Plaintiff to attach "a sworn affidavit certifying that [her Complaint] raises a new issue... is not frivolous... [and] is not filed in bad faith." Fleming III, No. 1:17-cv-00898, ECF DKT # 4 at 3. Therefore, Defendant requests that the Court award it its costs in preparing its Motion to Dismiss and for Sanctions.

Plaintiff argues that sanctions are inappropriate at this time because Plaintiff received a probable cause finding from the EEOC for her ADA charges. Plaintiff cites Sixth Circuit precedent which holds that "the probable cause finding... though not dispositive... lends support for [plaintiff's] belief that she had a legal claim of discrimination and did not pursue her action in bad faith." *In re Ruben*, 825 F.2d 977, 986 (6th Cir. 1987). Furthermore, Plaintiff signed an affidavit certifying that this action raises new issues and is not frivolous or filed in bad faith. *See* Motion Seeking Leave to File (ECF DKT # 1), Ex. D at 1. While Defendant contends that Plaintiff's signing of this affidavit is evidence of Plaintiff's disrespect for the judicial process, this is not necessarily true. Plaintiff likely did believe that the action raises new issues and is not frivolous, and this belief is bolstered by Plaintiff's receipt of the January 12th Letter finding probable cause for Plaintiff's ADA claims, which serves as evidence (though not dispositive), that Plaintiff did not file this action in bad faith.

Defendant contends that monetary sanctions are the only way to stop Plaintiff from

engaging in vexatious litigation going forward. However, since the Court dismisses this action with prejudice, Plaintiff is barred from re-litigating this case a fifth time. Therefore, the Court declines to impose monetary sanctions on Plaintiff at this time. However, should Plaintiff file another lawsuit addressed by this Court's imposition of conditions as stated in this Order, Plaintiff may be ordered to pay attorney's fees and costs covering Defendant's Motion to Dismiss in this case, as well as the new filing.

    IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              United States District Judge

Dated: June 21, 2018